## UNREASONABLE RULE OF AN ASSOCIATION OF EMPLOYERS.

Common Pleas Court of Hamilton County.

THE JOURNEYMEN'S HORSESHOERS LOCAL UNION No. 12, ET AL V.
THE MASTER HORSESHOERS' PROTECTIVE ASSOCIATION OF
CINCINNATI, ET AL.*

Decided, June 6, 1912.

*Employer and Employe—Injunction Lies Against Enforcement of an
Order for a Lockout, When—Rights of Both Parties.*

Injunction lies against enforcement of an order for a lockout, where un-
der the rules of the organization of employers making the order its
members are liable to fine or expulsion for disobedience thereof.

*John Weld Peck,* for plaintiffs.
*Province Pogue* and *M. F. Galvin,* contra.

DICKSON, J.

The plaintiff, a union, and individual members thereof, com-
plain that the defendants, an association, and individuals and
partners, members thereof, have entered into an agreement to
discharge all their employes when ordered so to do, and that this
agreement gives a right to punish any member who refuses to
obey such an order; that the defendant association is unlawfully
engaged in restraint of trade in that no member thereof is per-
mitted to shoe a horse which has been customarily shod in an-

---

* In the Circuit Court the following memorandum opinion was filed
July 20:

"By the Court.

"From the evidence in the above case and the law applicable thereto
the court is of the opinion that the plaintiffs are entitled to the relief
prayed for in their petition.

"A decree may therefore be taken similar to that entered in the Court
of Common Pleas, excepting as to that portion thereof relative to the in-
fliction of any penalty of fine or expulsion upon any member of the
defendant association, the rule involving the same having been re-
scinded."

other shop; that the defendant association has unlawfully ordered a lockout, ordering all its members to discharge all of its journeymen employes; that this order of this lockout is distasteful to many of its members who have obeyed the order because compelled so to do by the rules of the association. The plaintiffs ask an injunction against the defendants, and that the defendant association be ordered to permit each of its members "to pursue his own will and desire in connection with the employment and retention of his employes"; ask also for a dissolution of the association.

All parties hereto are engaged in the horseshoeing business.

We have before this court, a tribunal created by the law for justice, the employer and the employe. Each side asks this court to settle in certain respects the rights of labor and capital—that is, property rights.

There can exist no right without a duty. The employed and the employe each has its combination, or union, or association, organized for certain advantages—here, property rights. The employer's property right is capital. The employe's property right is labor. Capital exists only through labor. Labor exists only through capital. The one can not exist without the other, and neither without a governing power—the government, the law.

Labor or capital, each in its property right, owes to the other a duty, and this duty must be enforced by the law. The supreme duty is to use each to the other ordinary care, reasonable care, each to do to the other as it would be done by, each to so act as not to intentionally injure the other.

Each organization, or association, or union here has been advancing itself and its members to the best possible point of advantage, to get as much as it can for its side. This is eminently right. But each has forgotten the rights of the other; each has forgotten the rule, live and let live. One or the other perhaps has gone too far, and hence the relations between plaintiffs and defendants are strained, and properly both are here to seek redress in a court by its rules of correct living, found to be best by long experience.

There being no disagreement as to wages or hours, etc., the employer claims the right to use certain machine made shoes. The employe claims the right to refuse to handle these shoes. Each claims that the use or non-use of these shoes vitally affects his property right.

The employer has a right to hire or refuse to hire and to use that material which best suits him.

The employe has a right to be hired or refuse to be hired and to use the material furnished him, or to refuse to be hired because the materials used do not suit him.

Thus it is seen that the rights of each are the same. In law, each may use these rights peaceably even if it destroy the property rights of the other, but no force or violence or unlawful means will be permitted by either. If the rights of an individual alone were involved, probably the rule of the survival of the fittest would obtain, and this case would not be here.

Here we are concerned with the rights of organized capital and organized labor.

The law encourages both to organize. In union there is strength—power. With power the tendency of the majority is to crush the minority, the powerful to crush the weak. It is the duty of the law, the government, to protect the minority and the weak. Organized capital and organized labor with their rights must not forget their duties; each must have a due regard to the rights of the other, and this regard we call duty.

Each in organization for its self-preservation must necessarily have the right to impose restrictions upon its members, but this right must be used reasonably and with a due regard to the rights of others, and it must never be forgotten that to exist each must live and let live.

Capital and labor in this case, each claims to have exercised its legal rights.

The fact that capital and labor are both idle, both suffering, shows that something is wrong; therefore, same duty has been neglected.

The evidence clearly shows that the direct or proximate cause of the present trouble is the desire of the Masters Association to

use machine made shoes.    To this end this association sent a communication to the Journeymens' Union stating that certain machine made shoes would be used and fixing a day for an answer.    Before answer day, one of the members of the Journeymen's Union left his forge.    Immediately thereafter the Masters Association, through its officers, ordered a lockout in all the shops belonging to the association.    All the shops in the city except three obeyed the order and are idle.    Several of the shops did not desire a lockout, but obeyed orders.    Some of the shops which have shut down, desire to reopen and are satisfied not to use machine made shoes.

The only real question at issue is, did the Masters Association do its duty under the law when under the conditions existing it ordered a lockout?    Among the rules of the Masters Association binding upon all its members is one which prescribes certain penalties for a disobedience of an order of the association, among which is expulsion from membership and a money fine. This right of membership is valuable.    This threat to expel is unreasonable, is coercion and intimidation, and therefore unlawful.    The plaintiffs herein have a direct interest in this illegal lockout.    It directly and injuriously affects their property rights, that is right to use, to sell their labor at its best advantage.

All rules, regulations, constitutions and by-laws of corporations, unions, associations, etc., must be reasonable and lawful, or a court of equity will enjoin their enforcement and will in a proper case and between proper parties, dissolve the concern violating the law.

The enforcement of the order for a lockout is not binding upon the members of the Masters Association, and its enforcement against the members will be enjoined.

A dissolution of the defendant association, corporation, will not be ordered.